**MAJOR ROY A. PEMBERTON, Petitioner**

v.

**BRIGADIER GENERAL JOE E. BURKE, Respondent**

Civil No. 80/151

District Court of the Virgin Islands

Div. of Croix

March 2, 1981

MARIA TANKENSON HODGE, ESQ., St. Thomas, V.I., *for petitioner*

EDWARD A. WASCOE, ESQ., Assistant Attorney General (Department of Law), St. Thomas, V.I., *for respondent*

SILVERLIGHT, *Judge*

## OPINION WITH ORDER ATTACHED

Before the Court is a writ of review concerning the severance of petitioner Roy Pemberton's relationship which the Virgin Islands National Guard (hereinafter the "VIARNG"). For the reasons set forth below, the relief sought will be granted.

The facts of this case are quite simple: in the Spring of 1980 respondent Joe Burke ordered the transfer of petitioner Roy Pemberton from one position in the VIARNG to another position in the VIARNG; Pemberton either refused or questioned the wisdom of the transfer; and, in response, Burke dismissed Pemberton from the VIARNG. Pemberton's dismissal from the VIARNG had a necessary domino effect which ultimately deprived him of a civilian job which he also held with the VIARNG.[1] Pemberton was dismissed from the VIARNG without the benefit of any inquiry by a board of his fellow officers.

Despite the parties' digressions into what can only be called a jungle of overlapping and imprecise federal statutes and regulations, the primary issue in this case is quite narrow: Can an officer be dismissed from the VIARNG without an investigation and recommendation by a board of officers, which recommendation is approved by the Governor of the Virgin Islands?

An explanation of the VIARNG and its relationship to other national defense organizations is necessary for resolution of the issue before the court. The various states are authorized to form their own

---

[1] Dismissal from the VIARNG results in the automatic loss of an officer's "federal recognition" (32 C.F.R. § 564.5(e)(i); 32 U.S.C. § 323(a)). Dismissal from the VIARNG results in termination of any Federal Technician employment with the VIARNG (32 U.S.C. §§ 709(b) and (e)(i)).

militias.[2] This authorization has been extended to the Virgin Islands.[3] The Virgin Islands may form a militia which is outside the U.S. defense structure.[4] Such a militia is not subject to federal control or standards and receives no automatic federal financial assistance.[5] In the alternative or in addition, the Virgin Islands may form a militia which is integrated with the U.S. defense structure, subject to joint control by the U.S. and the Virgin Islands chief executives and the beneficiary of extensive federal assistance.[6] The VIARNG is of the latter type. As such, so long at it meets federal standards, the VIARNG is both an islands' militia and part of the Army National Guard of the United States.[7]

The dual federal/local nature of the VIARNG extends to its personnel system. An officer in the VIARNG must be both appointed in accordance with local law and qualify for "federal recognition" in accordance with federal law.[8] An officer can lose his position in the VIARNG in a great variety of fashions, initiated either locally or at the federal level.[9] Petitioner's dismissal was initiated locally and the court is concerned only with the propriety of that locally initiated dismissal. Accordingly, local law must be examined.

Chapter 19 of Title 23 of the Virgin Islands Code contains the Virgin Islands law relating to the VIARNG. 23 V.I.C. § 1508 establishes that an officer in the VIARNG may be separated from the VIARNG "for cause or at his own request as provided under the authority of this chapter". Chapter 19 has two other provisions concerning the separation of an officer from the VIARNG. The first provision is 23 V.I.C. § 1516, which states that ". . . officers of the National Guard of the Virgin Islands shall be discharged in accord-

---

[2] Art. I § 8 and Second Amendment U.S. Constitution.

[3] 10 U.S.C. §§ 101(2) and (10); 32 U.S.C. §§ 101(1) and (4); 32 U.S.C. § 109(c).

[4] 32 U.S.C. § 109(c).

[5] 32 U.S.C. § 109(d).

[6] 10 U.S.C. §§ 101(2) and (10); 32 U.S.C. §§ 101(1) and (4); 32 U.S.C. §§ 102, 106 and 107.

[7] 10 U.S.C. § 101(11); 32 U.S.C. § 101(5).

[8] 32 U.S.C. §§ 305–310; 32 C.F.R. §§ 564.2(c) and 564.3 (Note: The National Guard Regulations speak in terms of "state" national guards only. The court is satisfied that the use of the word state rather than the phrase "state or territory" is an oversight and will construe the word "state" in said regulations as including the Virgin Islands.)

[9] Among the methods for dismissal are: withdrawal of "federal recognition", pursuant to 32 U.S.C. § 323 and 32 C.F.R. § 564.5(e) or pursuant to 32 C.F.R. §§ 564.5(b) and (e)(i), and discharge by a courts-martial pursuant to 32 U.S.C. §§ 324 and 331.

ance with the regulations promulgated by the Bureau 'of the National Guard or by the Commander-in-Chief." The Governor of the Virgin Islands is the Commander-in-Chief of the VIARNG. 23 V.I.C. § 1506. As the Governor has promulgated no regulations concerning the discharge of officers from the VIARNG, resort must be made to federal regulations. An examination of the National Guard Regulations discloses reference to several methods by which the federal government can discharge an officer,[10] repeated reference to the function of local law in the termination of National Guard officers,[11] and twenty-one reasons for which a National Guard officer's appointment "should" be terminated by local authorities.[12] The regulations make it clear that if local law does not require termination upon the occurrence of one of the twenty-one listed reasons, then the federal government will initiate the termination by withdrawing the "federal recognition" of the officer in question. The Court is satisfied that 23 V.I.C. § 1516 refers to these twenty-one reasons for termination and incorporates them as cause for termination from the VIARNG. There is no indication that cause for termination is to be limited to these twenty-one reasons. Indeed, petitioner Pemberton's alleged disobedience does not fit any of the twenty-one causes for termination and direct disobedience must certainly be cause for dismissal from a military organization. Accordingly, the twenty-one reasons set forth in the National Guard Regulations and incorporated by 23 V.I.C. § 1516 are a nonexclusive list of sufficient cause for dismissal from the VIARNG.

The second provision in chapter 19 which refers to the discharge of officers is 23 V.I.C. § 1514. The provision provides:

> The Adjutant General may appoint a board of officers to investigate the conduct, capacity and general fitness of an officer of the National Guard of the Virgin Islands. The board, shall, whenever possible, be comprised of officers superior in rank to the officer being investigated. If the findings of the board are unfavorable to the officer, and are approved by the Governor the officer shall be discharged.

This provision has two functions. First, it establishes a generalized substantive cause for dismissal: unfavorable conduct, capacity or general fitness. Second, it provides the only specifications as to the

---

[10] See footnote 9.

[11] 32 C.F.R. §§ 564.5(b)(1), (d) and (e)(1).

[12] 32 C.F.R. §§ 564.5(d)(1)–(d)(21).

procedure to be followed in the dismissal of an officer from the VIARNG.

■■ Taken together, 23 V.I.C. §§ 1508, 1514 and 1516 reveal the following statutory scheme for the locally initiated dismissal of an officer from the VIARNG:

(a) an officer can be locally dismissed for any of the twenty-one reasons set forth in 32 C.F.R. § 564.5(d), for any reasons added to that list by the National Guard Bureau, for any reasons set forth by the Governor of the Virgin Islands and for unfavorable conduct, capacity or general fitness;

(b) and, a dismissal for unfavorable conduct, capacity or general fitness[13] must be made upon an investigation and approved finding of a board of officers.[14]

With the law so understood, the issue before the court may be resolved: an officer in the VIARNG may not be dismissed from the VIARNG without the inquiry, finding, and approval set forth in 23 V.I.C. § 1514, at least when the dismissal is based on the generalized cause for separation set forth in that statute.

■ As petitioner Pemberton's dismissal from the VIARNG was based on alleged disobedience, as such disobedience could only be grounds for dismissal under 23 V.I.C. § 1514, and as petitioner Pemberton did not receive the benefit of the procedure set forth in 23 V.I.C. § 1514, petitioner Pemberton's separation from the VIARNG is unlawful. Accordingly, petitioner Pemberton is entitled to some relief.

■ Petitioner Pemberton seeks reinstatement to his military position with the VIARNG and to his civilian position with the VIARNG. Such relief is within the court's power (5 V.I.C. § 1423) and is appropriate. Petitioner seeks an award of costs and reasonable attorney's fees. Such an award will be considered on proper

---

[13] As petitioner's dismissal can only be based on the generalized provisions of 23 V.I.C. § 1514, the court need not decide whether an inquiry and approved finding is required for a dismissal based on any of the twenty-one reasons set forth in the National Guard Regulations or reasons that may be added to that list in the future.

[14] The respondent makes much of the fact that 23 V.I.C. § 1514 states that the Adjutant General "may" appoint a board of officers to investigate. The court has no problem with the "may" in the statute and views it as an indication of the Adjutant General's discretion to, in effect, initiate prosecution for unfavorable conduct, etc. The discretion ends at the decision to prosecute and the punishment or dismissal cannot be had without compliance with the specified procedure.

application to the court. Finally, it has been brought to the court's attention that respondent Burke no longer holds a position with the VIARNG; accordingly, the order accompanying this opinion will be directed to the present occupant of respondent Burke's former position: the Adjutant General or the Acting Adjutant General of the VIARNG.

## ORDER

The premises considered and the court being fully informed,

IT IS ORDERED that the Acting Adjutant General or the Adjutant General of the Virgin Islands National Guard reinstate Roy Pemberton to the military position he held with the Virgin Islands National Guard as of May 18, 1980;

IT IS FURTHER ORDERED that the Acting Adjutant General or the Adjutant General of the Virgin Islands National Guard reinstate Roy Pemberton to the civilian position he held with the Virgin Islands National Guard as of June 3, 1980.